WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Perkins,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Carolyn w. Colvin, Acting Commissioner, Social Security Administration,<br><br>　　　　　Defendant. | No. CV-12-01801-PHX-JAT<br><br>**ORDER** |

Previously this Court remanded this case to the agency to further develop the record. Specifically, this Court stated:

> At step five of the disability evaluation process, the burden shifted to the Commissioner to show that Plaintiff could engage in gainful employment in the national economy. *See Reddick*, 157 F.3d at 721. The Commissioner can make this showing in one of two ways. First, a vocational expert can be called to evaluate a factual scenario and testify about "what kinds of jobs the claimant still can perform and whether there is a sufficient number of those jobs available in the claimant's region or in several other regions of the economy to support a finding of not disabled." *Desrosiers v. Sec'y of Health & Human Servs.*, 846 F.2d 573, 578 (9th Cir. 1988) (internal citation omitted). Second, the grids can be used to determine if a particular claimant is capable of performing certain kinds of work in significant numbers in the national economy. *Id.*
>
> > The grids are an administrative tool the Secretary may rely on when considering claimants with substantially uniform levels of impairment. They may be used, however, only when the

> grids accurately and completely describe the claimant's abilities and limitations. When a claimant's non-exertional limitations are "sufficiently severe" so as to significantly limit the range of work permitted by the claimant's exertional limitations, the grids are inapplicable. In such instances, the Secretary must take the testimony of a vocational expert, and identify specific jobs within the claimant's capabilities.
>
> *Burkhart v. Bowen*, 856 F.2d 1335, 1340 (9th Cir. 1988) (internal quotations and citations omitted). Non-exertional limitations that are not covered by the Grids are those that limit an individual's ability to work "without directly affecting his or her strength. . . . Examples of non-exertional limitations are mental, sensory, postural, manipulative, or environmental (e.g. [,] inability to tolerate dust or fumes) limitations." *Desrosiers*, 846 F.2d at 579. However, "[i]t is not necessary to permit a claimant to circumvent the guidelines simply by alleging the existence of a non-exertional impairment, such as pain, validated by a doctor's opinion that such impairment exists. To do so frustrates the purpose of the guidelines." *Id.* at 577.
>
> Here, Plaintiff argues that he suffers from non-exertional limitations related to his cognitive impairments. Plaintiff points to the opinion of Dr. Oizumi, a consultative licensed clinical psychologist, who stated that Plaintiff would likely have trouble adhering to a consistent schedule and has difficult adapting to changes in his environment. (TR 503). Plaintiff argues that the ALJ also improperly omitted consideration of Mr. Perkins' fatigue, memory and concentration limitations, which are non-exertional limitations requiring that the ALJ consult a vocational expert. The Commissioner argues that Plaintiff's limitations are consistent with the basic mental demands of competitive, remunerative, unskilled work. While this may be true, Plaintiff did have non-exertional limitations that were not considered by the ALJ. As such, the ALJ was required to take the testimony of a vocational expert.

Doc. 19 at 13-15. In this same Order, this Court affirmed the ALJ's decision with respect to several other claims of error on appeal. *See id.* at 5-13.

Plaintiff now moves for attorney's fees under the Equal Access to Justice Act ("EAJA"). Plaintiff argues that this Court found that the ALJ made an error of law, therefore, Plaintiff is entitled to fees. Doc. 25 at 2.

In *Tobeler v. Colvin*, 749 F.3d 830 (9th Cir. 2014), the Ninth Circuit Court of

Appeals stated as follows:

> EAJA provides that 'a court shall award to a prevailing party other than the United States fees and other expenses ... incurred by that party in any civil action ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.' " *Meier*, 727 F.3d at 870 (quoting 28 U.S.C. § 2412(d)(1)(A)). "It is the government's burden to show that its position was substantially justified." *Id.* (citing *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir.2001)). "Substantial justification means 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.' " *Id.* (quoting *Pierce v. Underwood*, 487 U.S. 552, 565, (1988)) (internal quotation marks omitted). "Put differently, the government's position must have a 'reasonable basis both in law and fact.' " *Id.* (quoting *Pierce*, 487 U.S. at 565). "The 'position of the United States' includes both the government's litigation position and the underlying agency action giving rise to the civil action." *Id.* Thus, if "the government's underlying position was not substantially justified, we [must award fees and] need not address whether the government's litigation position was justified." *Id.* at 872.

*Tobeler*, 749 F.3d at 832.

Here, Plaintiff makes a similar argument to the plaintiff in *Tobeler*. Specifically, Plaintiff argues that the government's underlying position (i.e. the ALJ's decision) was not substantially justified. Doc. 22 at 6. Plaintiff then argues that the government's position defending the ALJ's decision before this Court also was not substantially justified because the ALJ's decision was wrong. *Id.*

Conversely, the government argues that reasonable minds could reach different conclusions regarding whether "claimant's moderate [non-exertional] limitations" were of a sufficient level of severity as to make the Medical Vocational Guidelines inapplicable and require the ALJ to seek the assistance of a vocational expert. Doc. 24 at 4, 6. The government concludes that because claimant's symptoms were not particularly severe, the government's position, both legally and factually, including the ALJ's decision and the litigation position on appeal, were substantially justified. Plaintiff responds are argues that because this Court concluded that the ALJ made an error "of

law" the government's position cannot be substantially justified. Doc. 25 at 2.

Because the severity of a claimant's symptoms (which is a factual determination) impacts when a vocational expert is required, the Court disagrees that the error found here was necessarily one "of law." Further, the Court agrees with the government that this case presented a close question regarding whether a vocational expert was required. *See Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th Cir. 2007) (holding that the plaintiff's depression was not a sufficiently severe non-extertional limitation that it required the ALJ to have the assistance of a vocational expert). Accordingly, the Court finds the government's position was substantially justified. Therefore, the Court will not award fees under the EAJA.[1]

Based on the foregoing,

**IT IS ORDERED** that Plaintiff's motion for attorney's fees (Doc. 21) is denied.

Dated this 13th day of August, 2014.

James A. Teilborg
Senior United States District Judge

---

[1] Because the Court has decided not to award fees, the Court need not address whether any award of fees in this case should be reduced based on the number of issues on which this Court affirmed the decision of the ALJ. *See generally Hardisty v. Astrue*, 592 F.3d 1072, 1077 (9th Cir. 2010) ("[The] holding [in *Flores v. Shalala*, 49 F.3d 562, 569 (9th Cir. 1995)] … does not address the question of awarding attorneys' fees on issues the claimant raised but on which he did not earn remand.").